UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHIRLEY TROTTER as Special Administrator of )
the Estate of Carlos Trotter,                )
                                             )
                    Plaintiff,               )
                                             )
          v.                                 )          No. 1:23-cv-01065-RLY-TAB
                                             )
BRANDON LOGAN, et al.,                       )
                                             )
                    Defendants.              )

**ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

## I.    Introduction

So far, this fatal police-action shooting case has been more about Plaintiff's quest for

discovery from Defendant City of Lawrence than the merits of the underlying claims.  Relying

on recently provided discovery and depositions, Plaintiff seeks leave to amend her complaint to

add claims against the City for negligent hiring, retention, supervision, and entrustment, as well

as a *Monell* claim.  [Filing No. 45.]  The City opposes the motion, arguing Plaintiff waited too

long to seek amendment, and that the amendments would be futile.  [Filing No. 47.]  Plaintiff

sets forth a thorough factual timeline justifying the delay in seeking to amend.  However, as

explained below, Plaintiff's proposed claims for negligent hiring, retention, and supervision are

futile considering the City's agreement to stipulate that Logan was acting within the course and

scope of his employment for the relevant time period.  Thus, Plaintiff's motion to amend is

granted in part as it relates to the negligent entrustment and *Monell* claims but denied as to the other proposed amendments.[1]

## II.    Background

The Court briefly recites the procedural background in this case once again.  Plaintiff filed her initial complaint in June 2023.  [Filing No. 1.]  In April 2024, the Court held a telephonic status conference to address a discovery dispute between the parties regarding Plaintiff's requests for discovery related to Defendant Brandon Logan's substance use.  [Filing No. 37.]  Given the nature of the dispute, which involved privilege issues, the Court ordered briefing and production of certain documents for *in camera* review.  [Filing No. 37.]  In line with the Court's order, Plaintiff filed a motion to compel discovery in May 2024.  [Filing No. 39.]  In addition, on May 17, 2024, Plaintiff moved for leave to amend her complaint, which now pends. [Filing No. 45.]  The City opposes Plaintiff's motion to amend.  [Filing No. 47.]  On June 13, 2024, the Court ordered the City to produce the discovery to Plaintiff that was previously withheld on claims of privilege.  [Filing No. 49.]  Plaintiff received that discovery production from the City on June 24, 2024.  [Filing No. 54, at ECF p. 4.]

In the meantime, Plaintiff failed to timely file a reply brief to her motion seeking leave to amend her complaint.  However, during a telephonic status conference on June 25, 2024, the Court provided Plaintiff with leave to file a reply by July 2, 2024.  [Filing No. 52.]  On July 2, Plaintiff filed her reply brief.  [Filing No. 54.]  On July 9, 2024, the City moved to strike

---

[1] In response to this proposed stipulation, Plaintiff conceded that adding claims for negligent hiring, retention, and supervision would be adequately addressed by any liability the City may have under *respondeat superior*.  [Filing No. 54, at ECF p. 16.]  However, in discussing this stipulation, the parties did not specifically address Plaintiff's negligent entrustment claim.  As explained below, while the Court presumes the City's proposed stipulation and Plaintiff's concession encompass this claim as well, the Court declines to definitively preclude this claim unless the parties' positions are clarified.

Plaintiff's reply brief, arguing it was oversized and contained impertinent, scandalous matter.
[Filing No. 55.]  The Court acknowledged the City's concerns but concluded those concerns
would be better addressed through a surreply.  Thus, the Court denied the motion to strike and
allowed the City's alternative request to file a surreply.  [Filing No. 56.]

### III.    Discussion

Plaintiff seeks leave to amend her complaint to add the following counts: negligent
hiring, negligent retention, negligent supervision, negligent entrustment, and a *Monell* claim.
[Filing No. 45-1.]  Plaintiff acknowledges that her request comes after the time for amending the
pleadings set forth in the Case Management Plan.  However, Plaintiff argues that she only
recently learned facts to support these claims after the Court resolved the discovery dispute
between the parties and depositions were conducted of two former Lawrence Police Department
chiefs of police who served during Logan's tenure.  [Filing No. 45, at ECF p. 4-5.]

The City opposes Plaintiff's motion, arguing Plaintiff took an unjustified six-month delay
in seeking to amend her complaint.  The Case Management Plan imposed a deadline of
November 20, 2023, for filing any motion to amend the pleadings.  [Filing No. 15, at ECF p. 3.]
Plaintiff filed her motion to amend on May 17, 2024.  [Filing No. 45.]  However, the Court is not
overly concerned about this delay.  Plaintiff lays out a detailed timeline, which explains why
Plaintiff did not move to amend her complaint sooner.  [Filing No. 54, at ECF p. 2-4.]  Some of
the relevant dates from that timeline include:

| | |
|---|---|
| June 19, 2023: | Plaintiff's counsel transmitted a public records request to Indiana State Police seeking video footage of Logan's arrest for operating while intoxicated. |
| August 18, 2023: | Plaintiff served the City with her initial discovery requests. |
| October 18, 2023: | The City responded to Plaintiff's first discovery requests, providing little information related to Logan's discipline. |

October 23, 2023:    The City supplemented its response regarding Logan's personnel file.  Only reference to misconduct involving alcohol was a suspension letter with general terms and 40-day recommended suspension.  Background summary stated no other issues noted and Logan would make a great addition to LPD.

February 27, 2024:    41-page privilege log and objections provided in response to Plaintiff's second discovery request.

March-May 2024:    Counsel attempted to resolve objections and work with the Court towards resolving discovery dispute and eventually, file motion to compel. Depositions conducted of former chiefs of police.

June 13, 2024:    Court entered order compelling discovery.

June 24, 2024:    City produced the discovery ordered by this Court.

Plaintiff sets forth facts demonstrating that her delay in seeking to amend the complaint was justified.  The City's initial discovery responses provided what seemed like a thorough background investigation related to Logan's hiring, with glowing results.  Thus, Plaintiff had no reason to doubt the information in Logan's application for employment as a police officer. Months later, after receiving the discovery production ordered by the Court, Plaintiff learned facts regarding Logan's hiring and background that she alleges contradicted the earlier discovery the City provided.

Plaintiff not only demonstrates that any delay in seeking to amend her complaint was reasonable, but she also provides evidence supporting her concerns that the personnel file originally provided by the City potentially misled Plaintiff as to the diligence exercised by the City command personnel in selecting Logan as a police officer.  Plaintiff indicates that there was nothing in the personnel file as originally provided that indicated habitual issues of misconduct. The City's background investigator stated that Logan had a great record and would make a great addition to the Lawrence police force.  However, a 2017 report from clinical psychologist Dr.

4

Darren Higgenbotham, provided in the June 24 discovery production, stated that Dr. Higgenbotham "considered [Logan] very marginal from a background point of view, as he had reported being terminated from multiple jobs in the past due to attendance and in one case not following protocol for restraining a combative person, had prior charges for OWI, leaving the scene of an accident, and public intoxication/disorderly conduct, a poor driving record, and ongoing financial/credit issues." [Filing No. 54, at ECF p. 5.]  The City cannot use its own discovery evasiveness to argue that Plaintiff did not have good cause for delay in seeking to amend her complaint.

However, the City points out that Plaintiff already asserted a *respondeat superior* claim in her original complaint.  Thus, the City argues that the proposed additional claims of negligent hiring, retention, and supervision are futile because the City has conceded Logan was acting within the scope of his employment. [Filing No. 47, at ECF p. 7.]  The City agrees to stipulate that Logan was acting within the course and scope of his employment. [Filing No. 57, at ECF p. 2.]  The parties have not yet submitted a formal stipulation.  However, Plaintiff concedes that a stipulation from the City that Logan was acting in the course of scope of his employment would adequately address any liability that the City may have under *respondeat superior* for these claims. [Filing No. 54, at ECF p. 16.]  The Court expects the parties to enter into a formal stipulation, consistent with their expressed positions.  Since the parties agree that a stipulation renders these claims futile, Plaintiff's request to amend is denied as it relates to Plaintiff's proposed claims of negligent hiring, retention, and supervision.

The Court further presumes that the City's proposed stipulation and Plaintiff's concession also encompass Plaintiff's proposed negligent entrustment claim.  *See, e.g., Davis v. Macey*, 901 F. Supp. 2d 1107, 1112 (N.D. Ind. 2012) ("Once an employer stipulates that an employee was

acting within the scope of employment, the employer is already responsible for the negligent acts of the employee and any additional theory of liability under negligent entrustment would be unnecessary.").  However, the parties did not specifically address whether this is the case. Therefore, the Court declines to definitely preclude this claim unless the parties' positions are clarified.  If the parties cannot formally enter a stipulation that resolves the negligent entrustment claim, Plaintiff may include this claim in an amended complaint.

Finally, Plaintiff seeks to hold the City responsible under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

> For a *Monell* claim to survive a motion to dismiss, a plaintiff must plead facts that plausibly suggest that: (1) she was deprived of a constitutional right; (2) the deprivation can be traced to some municipal action (i.e., a policy or custom), such that the challenged conduct is properly attributable to the municipality itself; (3) the policy or custom demonstrates municipal fault, i.e., deliberate indifference; and (4) the municipal action was the moving force behind the federal-rights violation.  All requirements must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability.

*Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (internal citations and quotation marks omitted).  The Seventh Circuit has recognized three types of municipal action that can support municipal liability under § 1983: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.  *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022).

The City argues that Plaintiff's proposed *Monell* claim seeks to "impermissibly repackage negligent retention as vicarious liability of the City of an unconstitutional magnitude."  [Filing No. 47, at ECF p. 12.]  Plaintiff disagrees and contends that it is the City's failure to act in the fact of Logan's repeated "red flags" that led to the deprivation of Carlos Trotter's constitutionally

protected rights.  Plaintiff sets forth facts alleging the City had actual knowledge that Logan was an alcoholic; that he committed several crimes while serving as a police officer; that he was suffering from anger or impulse issues; and that he was regularly using marijuana while employed as a police officer.  Plaintiff further contends that the City failed to remove Logan from police functions, potentially even purposefully took measures to cover his misdeeds, and did not formally discipline him after Logan broke into his ex-wife's home and threatened her, even though he was on employment probation at the time and such acts would constitute felony offenses.  Plaintiff has set forth sufficient facts to amend her complaint.  Accordingly, Plaintiff's motion to amend is also granted as it relates to the proposed *Monell* claim.

## IV.     Conclusion

For all these reasons, Plaintiff's motion to amend her complaint is denied in part and granted in part.  [Filing No. 45.]  Plaintiff's motion to add claims for negligent hiring, retention, and supervision is denied.  However, Plaintiff's motion is granted as it relates to the negligent entrustment claim and the *Monell* claim.  Plaintiff shall file an amended complaint in line with this order by August 1, 2024.

Date: 7/25/2024

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email